## Morgan *against* Arthurs and Company.

The engine by which a steam saw-mill is propelled, is part of the building, and subject to the mechanic's lien law.

ERROR to the common pleas of *Alleghany* county.

This was a *scire facias* upon a mechanic's lien, instituted by the defendants in error against James B. Morgan, who was sued with Jean Barbeau, for work done and materials furnished in the erection of a steam saw-mill on the premises of Morgan, in the Northern Liberties of Pittsburgh. The plaintiffs below produced an account of castings, &c. furnished by them at the request of Barbeau for the purpose of being used in the erection of a steam engine for propelling the saw-mill, and proved the actual employment of the articles furnished for that purpose. Previous to procuring the articles in question, Barbeau had entered into a contract with Morgan to provide a steam engine and put up the building at his own (Barbeau's) expense, in consideration of which he was to receive 2540 dollars.

The counsel of the defendant below requested the court to charge the jury, that the law of mechanic's lien did not apply to this case, and that the debt incurred by Barbeau to the plaintiffs for machinery, &c. used in the construction of a steam engine erected in the said mill, could not be enforced against the building, nor against the engine itself, or through them against the owner of the land or buildings by virtue of the said law; the said owner being no party to the contract with the plaintiffs.

The court below charged that the law of mechanic's lien applied to and governed the case.

To this charge error was assigned.

*Craft*, with whom was *Forward*, for the plaintiff in error.

In the case of Gray v. Holdship, 17 *Serg. & Rawle* 413, the authority of the court was divided. That case certainly carried the principle of protection under the mechanic's lien law to a sufficient

extent. A steam engine is a movable matter, and. canno't be considered a fixture. If so, any description of personal property might be embraced.

*Fetterman,* for the defendants in error, the court declined hearing.

Per Curiam.—Gray *v.* Holdship is stronger than the present case, and entirely decisive of the point in controversy. A copper kettle in a brew-house might perhaps be more readily conceived, in favour of trade, not to be a fixture or part of the building, than the engine which propels a steam saw-mill, and which does the usual office of a water wheel; for it would not be pretended that the running gears of a mill are not part of the building. The words of the law are very general, and it is impossible to doubt that the plaintiffs are within its protection.

Judgment affirmed.