## | Oves *against* Ogelsby.

A steam engine with its fixtures, used to drive a bark mill and pounders to break hides in a tannery, erected by the owner, is real and not personal property; it passes by a sale of the freehold.

ERROR to the common pleas of *Dauphin* county.

George Ogelsby against Abraham Oves. Amicable action and case stated in the nature of a special verdict.

Samuel B. Sherer being the owner of a lot of ground which he used as a tannery, erected upon it a steam engine and fixtures, for the purpose of grinding bark and breaking hides in the course of his business. He failed; and Abraham Oves issued a *fieri facias* against him, and levied on the engine and fixtures. George Ogelsby also issued an execution upon his judgment, which was a previous lien, and levied upon the real estate upon which the same was erected. By an arrangement between the said execution creditors, the said engine and fixtures were sold separately, and the proceeds brought into court to abide the determination of the question whether they were personal property, and passed upon the execution first levied upon them, or part of the realty, and passed to Ogelsby with title to the realty, which was sold to him.

The court below (Blythe, President) was of opinion that it passed to the purchaser of the real estate, as a part of it, and rendered a judgment for the plaintiff.

Errors assigned.

1. The court erred in rendering judgment for plaintiff for the price of the steam engine.

2. The court erred in rendering judgment for plaintiff for the price of the bark mill.

*Roberts,* for plaintiff in error, cited, 2 *Kent's Comm.* 341; 13 *Law Lib.* 7; *Purd. Dig.* 964.

*Alricks,* for defendant in error, was stopped by the court.

PER CURIAM.—Privilege for the benefit of trade, holds only betwixt landlord and tenant; not betwixt third persons and the owner of the soil: as is exemplified by Morgan *v.* Arthurs, 3 *Watts* 140, and Lemar *v.* Miles, 4 *Watts* 330. In the first of these, a steam engine set up by the owner to drive a saw mill, was held to be a part of the freehold and subject to a mechanic's lien; while in the second, an

[Oves v. Ogelsby.]

engine set up by a lessee, to drive a salt works, was seized and sold as personal by his creditors. Here the engine was erected by the owner of the mill, and it was consequently a part of the freehold.

Judgment affirmed.