## Murdock and Dall *vs.* Harris and others.

Looms, placed upon the floor of a woolen factory and fastened to such floor by means of screws in each loom, are a permanent and essential part of the woolen factory. And in the absence of any proof that when they were thus annexed to the building it was not intended they should remain indefinitely in their position, to be used as long as they were capable of use, it will not be presumed that the annexation was merely temporary. They are therefore to be deemed *fixtures*, as between mortgagor and mortgagee.

And a mortgagee of the factory and machinery will hold such looms, by virtue of his mortgage, in preference to a creditor of the mortgagor, who has levied upon the same under an execution issued against the latter; especially in a case where it appears that the parties to the mortgage have treated the looms as fixtures, and intended they should be covered by the mortgage.

THIS was a motion by the defendants, Gifford, Sherman & Innis, for a new trial, upon exceptions taken by them at the circuit, and which exceptions were directed to be heard in the first instance at a general term. The action was brought to foreclose a mortgage given by the defendants Harris & Watermen, on the Auburn Woolen Mill property and machinery, to the plaintiffs, dated November 8, 1853, to secure the payment of $20,000 in one year, with semi-annual interest. The defendants, Gifford, Sherman and Innis, recovered judgments against said Harris & Waterman, on the 24th October, 1854, amounting to $3384.13, and executions were issued on the same day, and delivered to the sheriff of the county of Cayuga, who on the 8th day of November, 1854, levied said executions on twenty-five broad looms in said woolen mill. Said defendants claimed the right to hold the looms for the satisfaction of their executions. The judge before whom the action was tried decided that the looms were fixtures, and were to be regarded as real estate, and not personal estate; that the facts set forth in the answer of the defendants did not constitute any defense to the action; and that the plaintiffs were entitled to judgment against the defendants.

*John Porter*, for the plaintiffs.

*J. Underwood*, for the defendants.

*By the Court,* JOHNSON, J.   I shall not attempt to go over the numerous cases to be found in the books upon the vexed question of what confers upon machinery, when put up and attached to a building for use, the quality, and gives it the character, of real estate.   The task would be unprofitable and well nigh endless.   Upon the plain undisputed facts presented by the pleadings in the case, I am clearly of the opinion that no defense is made out to the cause of action alleged in the complaint. The plaintiffs are the mortgagees of the owners of the woolen factory and premises, seeking to foreclose their mortgage, on account of default in making payments.   The mortgage embraces the machinery in terms, and it is indisputable that the parties to the mortgage have treated the looms in question as fixtures, and intended they should be covered by the mortgage. The defendants who appear and put in their answer, are subsequent judgment creditors of the mortgagors, and before the commencement of this action had caused execution to be issued and levied upon twenty-five broad looms, in the factory, which are included in the plaintiffs' mortgage.   And they seek by way of defense to have the plaintiffs enjoined and restrained from selling the looms thus levied on, as real estate, by virtue of their mortgage, and to have preference and priority given to their execution, on the ground that the said looms are personal and not real estate, the plaintiffs' mortgage not having been filed or indexed as a chattel mortgage.   The answer alleges that the looms are placed upon the floor of the factory building and are fastened to said floor by means of ten screws in each loom, merely for the purpose of keeping the said looms in their places and in a steady position, and not otherwise, during the operation and working of said looms.   Such are the conceded facts of the case.   It is obvious that these looms, thus affixed, had become and were, at the time the mortgage was executed, a permanent and essential part of the woolen factory.   They were thus attached at that time, and there is nothing in the case to show that when they were thus annexed to the building it was not intended they should remain indefinitely in their position, to be used as long as they were capable of use.   They were part of

the structure, essential to the use for which the whole was de-
signed.   And it is not to be presumed that the annexation was
merely temporary.   Permanence and steadiness of position were
indispensable to their usefulness; and to allege that they were
thus attached merely to keep them steady, proves nothing, ex-
cept that they were secured so as to become efficient and useful
portions of the factory.   The means by which they were attached
is shown, and from the nature and character of the annexation I
think it follows as matter of law, that they were fixtures, as be-
tween mortgagor and mortgagee.   It does not follow at all that
they were not fixtures, because the screws could be taken out and
the looms be thus separated from the floor and removed without es-
sential injury to them or to the building, as is alleged to be the fact
in the answer,   It is immaterial whether the iron is in the form
of a spike or nail or screw.   The attachment would be just as
permanent with the one as the other, and the same allegation
might be made as to detachment without essential injury in
either case,   The character, nature and object of the annexation,
taken in connection with the thing annexed and the surround-
ing circumstances, must control.   I am therefore of opinion that
the decision of the judge at special term was correct and that a
new trial should be denied,

[Monroe General Term, September 3, 1855.   *Selden, Johnson* and *T. R.
Strong,* Justices.]