### EDWARD KELLEY vs. BORDER CITY MILLS.

Bristol.    Oct. 25, 1878. — Jan. 17, 1879.    ENDICOTT & LORD, JJ., absent.

A boiler, situated in a building joined to a mill, and used to supply steam to the mill, is a part of the realty, and for repairs on the boiler a lien can be maintained under the Gen. Sts. c. 150; and the whole of the land, on which the mill and the building, in which the boiler is, are situated, may properly be included in the description of the premises on which the lien is claimed.

PETITION, under the Gen. Sts. c. 150, to the Superior Court, dated May 6, 1878, to enforce a mechanic's lien, alleging that the petitioner made a verbal contract with James E. Cunneen of Fall River, concerning the building on the premises hereinafter described, to "take apart, repair and put together again such defective boilers and piping as were on the premises," for $3.50 a day; that the petitioner, at the special instance and request of said James E. Cunneen, performed upon said building the labor mentioned in the account annexed, and that James E. Cunneen had authority from, and was rightfully acting for, the Border City Mills, a corporation in Fall River, it being the owner of the premises, and with its consent; that under and by virtue of said contract he performed the labor mentioned in the account annexed, "in the alteration and repair of said structure upon said premises," that the premises are situated in the northerly part of Fall River, (describing them by metes and bounds,) "being the same lot of land which is occupied by Border City Mills, known as Border City Mills Number Two, and the structure upon which said labor was performed is a cotton mill situated upon said premises and recently erected thereon, and said premises at the time said contract was made, and said labor

performed, were the property of said Border City Mills;" that the petitioner ceased to perform said labor upon April 12, 1878, and within thirty days thereafter filed in the registry of deeds for the county of Bristol a statement of a just and true account of the amount due him, with all just credits given, together with a description of the property intended to be covered by this lien, sufficiently accurate for identification, with the name of the corporation which is the owner thereof, which statement was subscribed and sworn to by the petitioner and was in all respects duly made and recorded in accordance with the statutes of this Commonwealth; and praying that said premises might be sold, and the proceeds of sale applied to the discharge of his demand and costs. The account annexed stated the amount due at $75.25.

The certificate of lien stated that the above sum was due "for labor performed, in the alteration and repair of a building situated on a lot of land in Fall River, being the land occupied by mill known as Border City Mills Number Two;" described it by metes and bounds; and gave the time when the petitioner "ceased to labor on said building."

The case was submitted to the Superior Court upon an agreed statement of facts, in substance as follows: The petitioner was hired by James E. Cunneen, the defendant's superintendent, who was duly authorized to hire and employ the petitioner to repair two stationary steam-boilers in the boiler-house, used in connection with its cotton mill, the boiler-house being a separate building from the mill, but joining the mill on the back. The repairs consisted of putting on patches to the boilers, and riveting the same. In consequence of this contract, the petitioner did repair the boilers. The certificate of lien was duly sworn to, filed and recorded within thirty days from the time the petitioner ceased labor on the boilers. If, as matter of law, the lien, on these facts, could be maintained, the petitioner was to have judgment for $75.25; otherwise, judgment for the respondent.

*Gardner*, J., ordered judgment for the respondent; and the petitioner appealed to this court.

*D. V. Sullivan*, for the petitioner.

*G. Marston & H. K. Braley*, for the respondent. The certificate does not conform to the petition, and the petition does not

conform to the certificate. The certificate claims for "labor performed in the alteration and repair of a building," and gives the time when the petitioner "ceased to labor on said building." The petition sets forth a contract to "take apart, repair and put together again such defective boilers and piping as were on the premises." A stationary steam-boiler is not a "building or structure" within the meaning of the statute. *Truesdell* v. *Gay*, 13 Gray, 311. *Lambard* v. *Pike*, 33 Maine, 141. *Collins* v. *Mott*, 45 Misso. 100. Phillips on Mechanics' Liens, § 175. No lien attaches for a fence around a house. *Hubbard* v. *Brown*, 8 Allen, 590. Nor for removing a building. *Trask* v. *Searle*, 121 Mass. 229. The boiler was separate and distinct from the boiler-house and mill, and cannot be said to have been a part of either. The petitioner claims a lien on all the land of the respondent, instead of confining his lien to the land on which the boiler-house stands. The statute gives him no claim upon any estate except that on which the building is situated. *Landers* v. *Dexter*, 106 Mass. 531.

SOULE, J. It appears from the agreed facts that the boilers which the petitioner repaired were situated in a part of the respondent's mill and used to supply steam thereto. They were, therefore, a part of the realty, and would pass, without being specified, by a deed of the land on which the mill stood, not as appurtenances, but as parcel of the land. *Winslow* v. *Merchants Ins. Co.* 4 Met. 306. *Pierce* v. *George*, 108 Mass. 78. *McConnell* v. *Blood*, 123 Mass. 47. They constituted a part of the building, and repairs on them were repairs on the building, precisely as repairs on partitions or doors or furnaces would have been. In *Turner* v. *Wentworth*, 119 Mass. 459, it was held that the petitioners were entitled to enforce a lien for furnaces and ranges furnished by them, if, by the contract, they were to be furnished as parts of the several houses in which they were put; that if it was the intention that they should be, and they were in fact, so applied as to constitute parts of the buildings, the petitioners would have a lien for them. See also *Morgan* v. *Arthurs*, 3 Watts, 140; *Gray* v. *Holdship*, 17 S. & R. 413; *Wademan* v. *Thorp*, 5 Watts, 115. In the case at bar, the boilers being a part of the realty, constituting a part of the building in which they were put, the petitioner has a lien for repairs on them, as

he would have had a lien for putting them in. The lien is properly claimed on the whole of the lot described in the petition. The "boiler-house," being joined to the main body of the mill and used for supplying steam to it, is a part of the mill, and the statute provides that the lien shall cover the lot of land on which the building is situated. The description in the petition is confined to the lot on which Mill Number Two is situated. We are of opinion that the learned judge who tried the case in the Superior Court erred in ordering judgment for the respondent, and that there must be *Judgment for the petitioner.*