## M. A. PHELPS LUMBER CO. v. McDONOUGH MFG. CO.

(Circuit Court of Appeals, Ninth Circuit. February 3, 1913.)

No. 2,167.

1. MECHANICS' LIENS (§§ 271, 281*)—FORECLOSURE—SAWMILL MACHINERY—REAL PROPERTY.

Where, in an action to foreclose a mechanic's lien for sawmill machinery, it was alleged that the machinery and material were used by defendant in the erection of a sawmill on the real property described, and the lien notice stated that the machinery was used "upon said premises in the erection of a sawmill" and claimed a lien on the building, land, and premises, and the evidence showed that the material and machinery were designed and manufactured to fit a certain building, that it was placed therein to become a part of the mill, being bolted to bridge ties that were run out from the sides of a mill, and that the boilers were set therein on masonry, it was sufficiently alleged and proved that the machinery became a part of the realty.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 494–513, 565–572; Dec. Dig. §§ 271, 281.*]

2. MECHANICS' LIENS (§ 212*)—MATERIAL AND MACHINERY—CONDITIONAL SALE.

Where material and machinery designed and constructed for a particular sawmill were delivered and set up in such a manner that they became a part of the real estate, though they could have been removed without appreciable injury thereto, the seller, by retaining title until the machinery was paid for, did not waive its right to a mechanic's lien.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 393–397, 399; Dec. Dig. § 212.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. MECHANICS' LIENS (§ 158*) — FORECLOSURE — COMPLAINT — AMENDMENT— LIEN NOTICE.

Where a lien notice and a complaint for foreclosure of a mechanic's lien for sawmill machinery and materials sold to defendant allowed a credit of $1,601.25 for certain materials within the contract, which defendant purchased elsewhere, but defendant declined to accept such credit and pleaded a set-off, in its answer to a complaint in a law action to recover on the notes given for the machinery, of a much larger sum than the credit, and consented to an amendment of the complaint in the lien action, withdrawing the credit allowed, such consent obviated the necessity of an amendment of the lien notice.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 275–278; Dec. Dig. § 158.*]

4. MECHANICS' LIENS (§ 158*)—LIEN NOTICE—AMENDMENT.

Rem. & Bal. Code Wash. § 1134, provides that a mechanic's lien claim may be amended, in case of action brought to foreclose the same, by order of the court, as pleadings may be, in so far as the interest of third persons shall not be affected by the amendment; and section 1147 declares that the lien laws, and all other proceedings thereunder, shall be liberally construed with a view to effecting their object. *Held,* that amendments of a mechanic's lien notice are in the nature of amendments of pleadings, and should be allowed as between the parties, unless the defendant would be prejudiced thereby.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 275–278; Dec. Dig. § 158.*]

Appeal from the District Court of the United States for the Northern Division of the Eastern District of Washington; Frank H. Rudkin, Judge.

Action by the McDonough Manufacturing Company against the M. A. Phelps Lumber Company to enforce a lien for certain sawmill machinery. Decree for plaintiff, and defendant appeals. Affirmed.

The appellant purchased from the appellee certain machinery and materials for a sawmill. The contract provided that upon the arrival of each car load of machinery the appellant should pay freight thereon and one-half the invoice price of the car load; the remainder to be covered by promissory notes. In accordance with the contract, the appellant executed its promissory notes, aggregating $4,500.24, and it paid in freight and cash $10,514.75. A portion of the material contracted to be delivered was "necessary iron for conveyors," etc., but by agreement between the parties the appellant purchased that material elsewhere, and charged the cost thereof to the appellee. The appellee credited the account of the appellant with the sum of $1,601.25, which it deemed the maximum value of said material so purchased by the appellant. This sum, added to the amount of the freight and cash paid, raised the appellant's credits to $12,016. The appellee filed a notice of claim of lien on January 30, 1911, stating therein that the agreed price of the material so sold and delivered to the appellant was $22,498.97; that $12,116 had been paid in money and credits, and that for the sum of $4,500.24 the appellant had executed its five promissory notes; and that there remained due to the appellee on account of such sale and delivery, and in addition to said promissory notes, $5,882.63. The present suit was commenced to foreclose the lien before the maturity of the notes. When the notes matured, a separate action was commenced thereon. As a defense to that action, the appellant set up as a counterclaim the cost of the necessary iron for conveyors, which it had purchased and charged to the appellee's account. After the trial of the present suit, and at the time of entering the decree, the court below gave the appellee permission to amend its bill in such a way as to withdraw the credit of $1,601.25 and to increase the demand of its lien

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

notice and of its bill of complaint by that sum. In the final decree the appellee was adjudged to have a lien on the sawmill building and machinery therein for the sum of $6,997.34, and $500 attorney's fees and the costs of the suit; and it was decreed that the property be sold for the satisfaction of said lien and costs.

Danson, Williams & Danson, of Spokane, Wash., for appellant.
McCarthy & Edge, of Spokane, Wash., for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above).  [1] The appellant contends that there was no allegation in the bill and no evidence to show that the property furnished by the appellee ever became a part of the realty; and that therefore the appellee was not entitled to a lien thereon. We think there was an allegation and evidence in that respect sufficient to justify the decree of the court below. It appears from the testimony, that the material and machinery were designed and manufactured to fit a certain building; that the machinery was all placed in the building and became a part of the mill; that bridge ties were run out from the sides of the mill after the machinery was placed in it, to which the machinery was bolted; that there were three large stationary steam boilers; that steam and water pipes connected them with other portions of the machinery; and that the boilers were set upon a masonry foundation with "Dutch oven work" of brick and fire clay underneath them, and that the entire plant was put into actual operation for the manufacture of lumber, lath, and planing mill products. In the bill it is alleged that the machinery and material were used by the appellant in the erection of a sawmill upon the real property described therein, and the lien notice contained the statement that the material was used "upon said premises in the erection of a sawmill," and it claimed a lien upon the building, land, and premises. There was nothing in the answer to raise an issue upon the question of the permanent nature of the plant as a fixture to the sawmill property. The question now presented does not appear to have been raised in the court below.

[2] It is contended that the appellee waived the right to claim a mechanic's lien by inserting in the contract the condition that the machinery and property supplied should remain its property until fully paid for. To sustain their contention, counsel cite authorities to the proposition that by agreement between the parties personal property may be made to retain its character as such, notwithstanding that it be attached to the realty, and that such an agreement may be implied from a conditional sale, and decisions are cited which determine the respective rights of the contracting parties and third persons as to property so conditionally sold and attached to real estate. Those authorities are all aside from the question which is before us. The question here is whether the appellee's right to claim a mechanic's lien has been waived by the terms of the contract. The authorities are uniform in holding that such a condition in a contract is but additional security to the vendor, and does not in any way affect his right to claim a mechanic's lien upon the machinery and the property to which

it may have become attached as part thereof. Hooven, Owens & Rentschler Co. v. John Featherstone's Sons, 111 Fed. 81, 49 C. C. A. 229; Salt Lake Hdw. Co. v. Chainman Min. & Elect. Co. (C. C.) 128 Fed. 509; Case Manufg. Co. v. Smith (C. C.) 40 Fed. 339, 5 L. R. A. 231; C. & A. R. R. Co. v. Union Rolling Mill Co., 109 U. S. 702, 3 Sup. Ct. 594, 27 L. Ed. 1081; Cooper v. Cleghorn, 50 Wis. 113, 6 N. W. 491. When machinery is sold under a contract such as is in evidence in this case, and is placed in or upon real estate with the intention of being permanently used as a part thereof, it becomes a part of the realty; and it is immaterial that it may be so insecurely attached to the realty that it may be removed without appreciable injury thereto. Armstrong Cork Co. v. Refrigerating Co., 184 Fed. 199, 107 C. C. A. 93; Hooven, Owens & Rentschler Co. v. John Featherstone's Sons, 111 Fed. 81, 49 C. C. A. 229; Pressed Brick & Machinery Co. v. Brick & Quarry Co., 151 Mo. 501, 52 S. W. 401, 74 Am. St. Rep. 557.

[3] It is contended that an excessive amount was allowed in the decree. In making out the lien notice, the credits allowed by the appellee were $12,116.10, of which amount $1,601.25 represented the appellee's estimated cost of certain items which, under the contract, it was to furnish, but which, by subsequent agreement of the parties, the appellant purchased elsewhere. The appellant having declined to accept that credit, and having pleaded as an offset, in its answer to the complaint in the law action brought to recover on the promissory notes, the cost of those items in a sum much larger than $1,601.25, it was proper, on the final decree in the present case, to correct the account between the parties, and to deduct the credit so falsely made. On the trial, and while the testimony was being taken, counsel for the appellant stated, in open court, that he had added to his claim in this case $1,601.35, and that he had also added a prayer in the complaint for that amount, making the total demand $7,483.98. When the final decree was entered, a formal order was made permitting the amendment of the complaint and the amendment of the lien notice to agree with this change in the account. So far as pleadings are concerned, there can be no question of the power or duty of a court to permit such an amendment to conform to facts. But the appellant contends that the court below had no power to permit such amendment of the lien notice. In an affidavit of appellant's counsel, which was filed in connection with his motion to strike out the order which the court made, the admission is made that the appellant did consent at the trial to the amendment of a paragraph of the bill "so as to admit a less amount of credit than was conceded therein," and that the appellee had asked leave "to change the amount of credit so as to be $1,601.25 less." This is sufficient to show that there was express consent to the amendment of the complaint. A consent to such amendment of the complaint obviated the necessity of amending the lien notice.

[4] But the statute of the state of Washington (Remington & Ballinger's Codes, § 1134) provides: "Such claim of lien may be amended in case of action brought to foreclose the same, by order of the court, as pleadings may be, in so far as the interests of third persons

shall not be affected by such amendment;" and section 1147 declares that the lien laws "and all proceedings thereunder shall be liberally construed with a view to effecting their object." In Stetson & Post Lumber Co. v. Sloane, 61 Wash. 180, 112 Pac. 248, the court said:

"The rule of amendment established by this court is that amendments of this character are in the nature of amendments of pleadings, and the same liberal rule as to substance and time should be followed, where the interests of third parties are not injuriously affected. Such is the plain import of our statute."

The appellant cannot complain that he was prejudiced by the amendment. He knew at the outset of the credit which had been given him in the lien notice, and he repudiated it and availed himself of that amount and more as an offset to a demand of the appellee in another action.

The decree is affirmed.