### In re C. A. GAMBRILL MFG. CO.

### Petition of WELLER MFG. CO.

#### (District Court, D. Maryland. June 29, 1922.)

Mechanics' liens ⬤⇒212(2)—Right to lien not lost by attempt to retain title to building material as chattel.

    The right of claimant to a mechanic's lien under the Maryland statute for flour-milling machinery furnished and installed on the several floors of a building being built for a flour mill, as material furnished for the erection of the building, *held* not defeated by the fact that claimant at-tempted, ineffectively, to retain title to the machinery until paid for.

In Bankruptcy. In the matter of the C. A. Gambrill Manufactur-ing Company, bankrupt. On petition of the Weller Manufacturing Company for enforcement of mechanic's lien. Granted.

Bartlett, Poe & Claggett, of Baltimore, Md., for Weller Mfg. Co.

Randolph Barton, Jr., and Joseph Addison, both of Baltimore, Md., for trustees.

ROSE, District Judge. The claimant is seeking payment from the trustee in bankruptcy of a mechanic's lien which it claims it has upon the entire structure of a fully equipped flour mill, and, in the alterna-tive, upon the particular machinery it provided and in part installed. The funds which the trustees have in hand, derived from the sale of the flour mill with its machinery, as a whole, are ample.

The bankrupt, shortly before it was adjudicated, had completed the erection of a large and costly seven-story reinforced concrete mill for the grinding of flour, and especially for the making of a patented variety which it called "Patty-Cake." It put the erection and equip-ment of the mill under the supervision of a single architectural and engineering concern, which adapted machinery and building to each other. A portion of the former supplied by the claimant extended through four stories, being connected through openings in the floors especially provided for the purpose, and in which it was secured by concrete. In numerous places it was strongly fastened through floors

and ceilings by bolt and channel irons. It could physically be taken down and removed without material damage to the buildings, except that involved in leaving a number of openings at least a foot square in floors and ceilings. Of course, all that part of the value of the machinery itself which results from the expenditure required to install it where it would be useful would be destroyed by such removal, to say nothing of the fact that the work of taking it down and carrying it away would be expensive in itself. Without it, or something serving the same purpose, the building could not be put to the use for which it was constructed, and for which it is chiefly valuable.

The trustees raise no question as to the time or manner or other formal requirements of the proceedings taken by the claimant to assert its lien. Their position is that the machinery in question was a chattel or chattels sold by claimant to bankrupt, for which the law of Maryland gives no lien; that, although the claimant sought to protect itself by making the passing of title conditional upon full payment, such reservation, as against them, is of no effect, as the contract was never recorded, as the state statute requires, but that, as between the parties, such reservation negatives any right of the claimant to say that what it sold was material to be used in the erection of the mill.

The claimant admits that this attempted reservation of title is ineffective for failure to record. It is at least doubtful whether under the Maryland decisions a lien could be filed against the machinery by itself; it being quite questionable whether it is a machine, within the sense of the lien laws, as the word has been somewhat narrowly construed under the Maryland decisions. On the other hand, if what claimant supplied was material for the erection of the building, there can be no question that its lien upon the whole structure is good.

The agreed statement of facts sufficiently establishes that what the bankrupt set out to put up was a flour mill, and not a building for any one of the several purposes, in which, while it was being used for the manufacture of flour, certain kinds of machinery would be useful or required. To such a mill what plaintiff sold was as necessary as the cement or reinforcing steel, etc., and for them a lien may be sustained.

Does the reservation of title, made or attempted, prevent this material from becoming, within the eyes of the lien law, a part of the building? It is true that as between claimant and bankrupt, and before the recording requirements of the state law, between the claimant and the rest of the world, an agreement that, until paid for, the property furnished should not become a part of the realty, would have been enforceable. Holt v. Henley, 232 U. S. 637, 34 Sup. Ct. 459, 58 L. Ed. 767; Detroit Steel Cooperage Co. v. Sistersville Brewing Co., 233 U. S. 712, 34 Sup. Ct. 753, 58 L. Ed. 1166. But does the consequence for which the trustees here contend follow? Decisions of high authority say that it does not. Hooven, Owens & Rentschler Co. v. John Featherstone's Sons, 111 Fed. 81, 49 C. C. A. 229; Cooper et al. v. Cleghorn, 50 Wis. 121, 6 N. W. 491. In other words, a reservation of title in materials until they are paid for does not in itself prevent the vendor from asserting a mechanic's lien against the struc-

ture of which, except for the reservation, they would clearly have become a part.

It follows that the claimant is entitled to its money.