## R. R. RICOU & SONS CO. v. FAIRBANKS, MORSE & CO.

(Circuit Court of Appeals, Fifth Circuit. January 19, 1926.)

No. 4517.

**1. Maritime liens ⬅64—Allegations of libel for engine, equipment, etc., furnished boat N., held to show a maritime claim (Rev. St. § 3 [Comp. St. § 3]; Act June 5, 1920, § 30, subsec. P [Comp. St. Ann. Supp. 1923, § 8146¼ooo]); "boat," "vessel."**

Allegation of libel against boat N. for engine, equipment, other materials and labor furnished her, held not insufficient to show a maritime claim in that they did not show structure was a completed boat when engine, etc., was furnished, in view of Rev. St. § 3 (Comp. St. § 3) and Act June 5, 1920, § 30, subsec. P (Comp. St. Ann. Supp. 1923, § 8146¼ooo); "boat" or "vessel" being understood to describe structures so far completed as to be capable of being used as a means of transportation on water.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Boat; Vessel.]

**2. Maritime liens ⬅8—Maritime lien for repairs furnished boat arises, though credit of boat not relied on, and allegations of libel not alleging reliance on credit of boat are not insufficient.**

One furnishing repairs, supplies, or necessaries to a vessel on the order of its owner has a maritime lien on such vessel, whether or not he acted on credit or faith of vessel, and allegations of libel for such equipment are not insufficient for failure to allege reliance on faith of boat.

**3. Maritime liens ⬅44—Libel of boat for engine, materials, and labor furnished held not subject to exception on ground that title to engine was retained.**

Libel of boat for engine, equipment, other materials, and labor furnished held not subject to exception on ground that title to engine was retained by written contract, particularly where there was no showing that title to materials and labor was reserved.

**4. Maritime liens ⬅44.**

Reservation of title to engine furnished boat is not inconsistent with existence or assertion of maritime lien, under Act June 5, 1920, § 30, subsec. P (Comp. St. Ann. Supp. 1923, § 8146¼ooo).

Appeal from the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

Libel by Fairbanks, Morse & Co. against the boat Nuska; the R. R. Ricou & Sons Company, claimant. From the decree (300 F. 231), overruling exceptions to the libel and sustaining exceptions to answer and cross-libel, claimant appeals. Affirmed.

John E. Hartridge, of Jacksonville, Fla. (John E. & Julian Hartridge, of Jacksonville, Fla., on the brief), for appellant.

Martin H. Long, of Jacksonville, Fla., for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. The appellee filed its libel in admiralty against "the boat Nuska, her engine, boilers, machinery, tackle, apparel, and furniture, and against all persons intervening for their interest in a cause of action, civil and maritime," for the alleged

amount claimed to be due for an engine and equipment described in an alleged written contract between the appellee and the appellant, the claimant and owner of said boat, for other materials, and for labor and services; the libel alleging that the appellee, at the request of the appellant, installed said engine in said boat, furnished and delivered to said boat said equipment and other materials, and performed on and upon her said labor and services, and the libel alleged "that the said boat is now within the admiralty and maritime jurisdiction of this court." The court overruled exceptions filed by the appellant to the libel, and sustained exceptions to appellant's answer to the libel and exceptions to a cross-libel filed by the appellant. The appeal is from a decree sustaining the claims asserted by the libel; the errors assigned being to the above-mentioned rulings on exceptions to the libel, on exceptions to appellant's answer, and on exceptions to its cross-libel.

The libel was excepted to on the following grounds:

"(1) Because the allegations thereof do not disclose any admiralty or maritime claim or lien upon said vessel whereupon a judgment should be founded.

"(2) Said libel is defective in form, in that the nature of the cause is nowhere stated therein, nor whether it be a cause civil and maritime.

"(3) The libel fails to show that the material and machinery furnished were furnished upon the faith of the boat.

"(4) The allegations of the libel and the contract thereto attached show simply a contract or debt without admiralty jurisdiction."

[1] In argument, the just set out grounds numbered 1, 2, and 4 were sought to be supported by the contention that the allegations of the libel fail to show that the claim asserted is maritime in its nature, in that those allegations do not show the Nuska was a completed boat when the libel was filed or when the mentioned equipment and materials were furnished and the mentioned labor was done. We think that the allegations of the libel fairly import that the structure libeled, namely, the boat Nuska, was a water craft, not an uncompleted structure intended to be a boat when it was finished. In common usage the words "boat" and "vessel" are understood to describe structures so far completed as to be capable of being used as a means of transportation on water. R. S. § 3 (Comp. St. § 3). The statute (41 Stat. 1005, § 30, subsec. P [Comp. St. Ann. Supp. 1923, § 8146¼ooo]) provides that "any person furnishing repairs, supplies, * * * or other necessaries, to any vessel, whether foreign or domestic, upon the order of the owner of such vessel, * * * shall have a maritime lien on the vessel," etc. The use of a qualifying adjective or expression in connection with the word "vessel" was not needed to indicate the absence of an intention to give that statute the effect of conferring a maritime lien for labor or material furnished for a structure before it became capable of being used as a means of transportation on water. The word "vessel" was there used to describe an instrument of navigation. It is not customary for a structure to be called a "boat" or "vessel" and to have a name before it is launched. "In the baptism of launching she receives her name, and from the moment her keel touches the water she is transformed, and becomes a subject of admiralty jurisdiction." Tucker v. Alexandroff, 22 S. Ct. 195, 201, 183 U. S. 424, 438 (46 L. Ed. 264). We think that as used in the libel the words "Boat Nuska" meant a completed water craft, capable of navigation. It was open to the appellant by its answer to set up a defense on the ground that the equipment, material, and labor in question were furnished for the original construction of the Nuska. The answer set up no such defense. This circumstance re-enforces the conclusion that the grounds of exception under consideration constitute a hypercritical and unsustainable attack on the sufficiency of the libel.

[2] The above set out ground of exception No. 3 was without merit, because, under the terms of the above-quoted statute, one who furnishes repairs, supplies, or other necessaries to a vessel upon the order of its owner has a maritime lien on such vessel, whether he does or does not allege or prove that he did so on the credit or faith of the vessel.

[3, 4] In argument in this court, the libel was challenged on the ground that it showed that the appellee retained title to the property which was the subject of the written contract alleged. It does not seem that this objection was suggested by the exceptions to the libel. But the libel as a whole was not subject to objection on that ground, because its allegations showed that appellee, upon the order of the boat's owner, furnished to it labor and material the title to which was not shown to have been retained by the appellee. Furthermore, the libel showed that the equipment covered by the written contract was furnished by the appellee to the boat on the order of its owner. The retention by contract of the title to such equipment as security for the purchase price was

not inconsistent with the existence of the lien given by the statute, and did not prevent the appellee from asserting that lien. Hooven, Owens & Rentschler Co. v. John Featherstone's Sons, 111 F. 81, 49 C. C. A. 229; In re C. A. Gambrill Mfg. Co. (D. C.) 283 F. 349. We conclude that the court did not err in overruling the exceptions to the libel.

The action of the court on exceptions to parts of appellant's answer to the libel and to its cross-libel had the effect of eliminating claims of the appellant that the alleged written contract was not complied with. It is enough to say that the allegations of neither of those pleadings showed a noncompliance with that contract by the appellee. The record shows that the material allegations of the libel were sustained by proof, and does not show that appellant was improperly denied the benefit of any alleged valid defense or counterclaim.

The decree is affirmed.