CORA A. ROTHERY, APPELLANT, V. THOMAS H. DOHRSE ET AL., APPELLEES.

FILED JANUARY 8, 1932. No. 28020.

*Finlayson, Burke & McKie,* for appellant.

*Rosewater, Mecham, Burton, Hasselquist & Chew, contra.*

Heard before ROSE, GOOD, DAY and PAINE, JJ., and LESLIE, District Judge.

PAINE, J.

On September 9, 1925, Thomas H. Dohrse purchased all of the stock of the French Dry Cleaning Works, located in

Omaha, Nebraska, and was given a lease for five years, with option to purchase the building in which said business was conducted. The bill of sale included a boiler, which soon proved defective, and a credit of $300 was made therefor. A new boiler was purchased by the tenant, and used until the termination of the lease, at which time he attempted to remove the boiler he had purchased from the premises. Upon trial to the court, a restraining order, which had been issued upon application of the owners of the fee, was dissolved, and the tenant was given the right to remove the boiler as a trade fixture.

The appellant is the owner of the fee, and erected a new building upon the premises, at a cost of some $12,000, and the lease gave the appellees the option to purchase the building for the sum of $15,000. While the building was being erected, the question of the installation of a large boiler for use in heating the building and in furnishing steam necessary to operate the cleaning plant arose between the parties. As the lease provided for a rental of 1 per cent. a month upon the cost, if a new boiler was installed, under the option to purchase the tenant would pay 1 per cent. a month of its new cost, or a total of 60 per cent. plus 100 per cent. of its cost if he elected to purchase the property at the end of his lease under his option, thereby making him pay 160 per cent. of the cost of the boiler that would have been used for five years; and thereupon the tenant elected to buy the boiler and install the same, and was allowed a credit of $300 for the value of the old boiler. The boiler was set up before the walls were built around it, and a section of such boiler room wall will have to be taken down and replaced, at the expense of the tenant, to remove the boiler. The present value of said boiler is $500.

The sole question to be decided in this case is: Did the boiler in question, together with the pipes attached thereto, become a part of the real estate, and therefore the property of the plaintiff, or did it retain its character as personalty?

We are cited to several Nebraska cases, *Lanphere v. Lowe,* 3 Neb. 131, which held that trade fixtures which can be removed without material injury to the premises might be removed, and a case involving a steam-heating plant, being *President and Directors of Ins. Co. of North America v. Buckstaff,* 3 Neb. (Unof.) 632, which last case is very closely in point. These cases and many others are discussed and considered in the case of *Frost v. Schinkel,* 121 Neb. 784, in which case it was held: "Trade fixtures may be defined as articles annexed to the realty by a tenant for the purpose of carrying on a trade or business, not exclusively agricultural, and are ordinarily removable by him while he is in possession of the freehold, and that such trade fixtures must be taken to pieces or even wrecked to remove them from the premises does not affect the tenant's right of removal, but such removal must never cause substantial damage to the freehold." This holding will control in this case.

In the case at bar, the tenant did not succeed in removing the fixtures before the termination of the lease; but, by an agreement between the litigants and their attorneys in writing, it was stipulated that whatever rights the tenant had for the purpose of removing said boiler would be granted to him after the expiration of the lease, and such fact alone would not bar the recovery of the tenant in the case.

It appears from the record in this case, and the evidence taken, that it was the clearly-expressed intention of the tenant, at the time he purchased and installed the new boiler, that the same would be and remain a trade fixture and one of his business appliances in the cleaning establishment; and this court finds that the tenant had a right to remove the same, and the decision of the district court in dissolving the temporary injunction, and declaring that the boiler was a trade fixture and might be removed by the tenant, is right and is

AFFIRMED.