Ley Fuel Company, Appellant, v. S. Weisman and A. M. Langert, as Trustee, Appellees.

Gen. No. 8,345.

Heard in this court at the May term, 1931. ▮▮▮ Opinion filed March 15, 1932.

R. W. OLMSTED, for appellant.

SWEENEY & EAGLE and ELI D. LANGERT, for appellees; EDW. L. EAGLE, of counsel.

MR. PRESIDING JUSTICE JETT delivered the opinion of the court.

The record discloses that Ley Fuel Company, a corporation, installed an automatic coal burner in an apartment building of appellee S. Weisman, and took from him a conditional sales contract which provides that title and ownership of the burner shall remain in the seller until the purchase price has been fully paid, and that upon failure of the purchaser to make any payment as provided by the contract, the seller shall have the right to declare all unpaid balance immediately due and payable; or he may remove and repos-

sess the equipment. Appellee Weisman failed to make payments as provided by the contract and the appellant filed a claim for mechanic's lien within four months after the completion of the installation of the equipment, and thereafter filed a bill for the foreclosure of the lien. In its bill the complainant among other things alleged that upon information and belief the First Trust and Savings Bank and A. M. Langert of Chicago have, or claim to have, some interest as mortgagee or trustee, under trust deeds or otherwise, the precise nature whereof was unknown to the appellant. Some five months after, the appellant filed a claim for a lien as provided by the statute, the bill was amended in which amendment it was alleged that the appellant had elected to abandon the title to the equipment installed and then sought to exert a lien and recover the amount of the purchase price due. To the bill the court sustained a demurrer which had been interposed thereto and dismissed the same for the want of equity. This appeal is prosecuted by the appellant from the order dismissing the bill.

It will be observed that the terms of the conditional sales contract, entered into between the respective parties for the sale of this particular automatic coal burner, provides that the title and ownership of said automatic coal burner is to remain in the appellant until the purchase price and all obligations of the contract have been paid and met and not until then is the title to vest in the purchaser. It will also be seen that the purchaser is made responsible for the loss of the burner by theft or other casualty and that he must pay the taxes thereon and insure the same for the protection of the appellant. It is quite apparent that the provisions for insurance and the payment of the taxes on the burner show that it was the intention of the appellant that the said burner was to remain personal property and not as a matter of fact to become a part of the real estate. The contract further provides that

the purchaser cannot remove the burner from the address given in the contract without the written consent of the seller, who is the appellant in this cause, and that the purchaser has no right to assign his rights under the contract but the seller may do so. From the terms of the contract it appears it was not the intention of the appellant that the burner should become a part of the real estate until it was fully paid for by the purchaser. The seller also reserved the right, upon default of payment, to enter the premises and remove the burner.

The purpose of the Mechanics' Liens Law, Cahill's St. ch. 82, ¶ 1 *et seq.*, is to give a lien when materials or machinery have been furnished to the owner of certain lands and premises and converted into real estate, and made a part thereof. The rights of the parties were fixed and determined at the time of the execution of the contract.

We are of the opinion the court correctly held that appellant is not entitled to a mechanics' lien because the rule is well settled that a mechanics' lien must attach, if at all, as of the date of the making of the contract. In this case it is apparent that there was no intention to have a lien attach when the contract was entered into by the parties, but to the contrary it was agreed that the relation of buyer and seller should not exist and that the seller was to retain title and ownership of the burner with the right of removal because of a breach, or if he elected so to do, he might declare the debt due and payable and sue therefor.

The appellant cannot, after the failure of the purchaser to comply with the contract, change the terms and intention of the parties thereto merely by electing to abandon the title to the burner and seek a lien for the recovery of the purchase price.

We are of the opinion, therefore, that no lien existed and the decree dismissing the bill should be affirmed.

*Decree affirmed.*