**Nu-Way Boiler and Engineering Company, Appellant, v. Rubin Morensky et al., Appellees.**

**Gen. No. 35,888.**

212

Heard in the first division of this court for the first district at the April term, 1932. ▮▮▮▮▮ Opinion filed November 14, 1932.

GEORGE E. BILLETT and JOSEPH E. MITCHELL, for appellant.

REEDA & PEACE and HERMAN HERSON, for appellees; WILLIAM REEDA, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

Complainant filed its bill against Rubin Morensky, the owner of certain real estate in Chicago, and other parties, praying that it be decreed to have a lien on Morensky's real estate for the balance due it for the cost of installing a boiler and smokestack. The cause was referred to a master who recommended that a decree be entered in accordance with the prayer of the bill. Exceptions were sustained to the master's report

and a decree entered finding that complainant was not entitled to the lien; its bill was dismissed and it prosecutes this appeal.

The record discloses that in 1926 Rubin Morensky as landlord entered into a lease with the Uptown Family Laundry Company, lessee, whereby the landlord agreed to build an addition to the laundry building on the premises, which was then being occupied by the laundry company. The lease provided that the tenant should install a new boiler to be placed in the additional structure and also a smokestack, at the tenant's expense. The landlord constructed the addition and the tenant entered into a written contract with the complainant whereby the complainant agreed to install the boiler and erect the smokestack. After making provision for the work to be done and the payment to be made by the tenant, the contract contained the following condition: "It is agreed that the machinery above specified shall remain our property until fully paid for in cash; and the acceptance of a note shall not constitute such payment, and that the same, being now a chattel, shall so remain, and although it may be enclosed in masonry, it shall not become a part of the realty but remain personalty, and, in the event of failure to pay for the same, we shall have the right to take possession thereof and to remove the same from the premises without being liable for trespass. The receipt by us of a note or notes for the purchase price shall not be considered a 'payment' under this contract or a waiver of the title herein."

The contract price for the work was $4,345. The tenant paid $875 of this amount and executed its judgment notes for the balance. Each note contains the following: "The express conditions of sale and purchase of machinery, for which this note is given, are such that the title, ownership or possession of said machinery, to-wit: Boiler Masonry and Stack shall not pass

from the said Nuway Boiler & Engineering Co., Inc., until this note with interest is paid in full, but the title to said property shall remain in Nuway Boiler & Engineering Co., Inc., until said purchase price with interest is fully paid; and the said Nuway Boiler & Engineering Co., Inc., have full power to declare this note due and take possession of said machinery at any time they may deem this note insecure, even before the maturity of the same; it being also agreed, understood and contracted by the signer or signers of this note, individually or collectively that said machinery shall not become a fixture of any realty on account of being annexed thereto, before the full payment of principal and interest of this note.''

The boiler was installed, the smokestack erected, the laundry company proceeded to operate its laundry, and a few months thereafter was forced into bankruptcy. Complainant filed its claim in the bankruptcy proceedings, which was allowed, and later received a small dividend.

Morensky alleged in his answer that the boiler and smokestack were trade fixtures and not an improvement of the freehold, and that complainant's claim was against the laundry company alone. To the master's report recommending that a decree be entered in accordance with the prayer of the bill, Morensky filed objections pointing out that the master had ignored and overlooked the provisions of the contract and notes. The master overruled the objections, but no reference is made to the provision of the contract and notes. The decree entered sustains the exceptions to the master's report and specifically finds that it was the intention of the complainant and the laundry company that the boiler and smokestack should remain personal property in accordance with the provisions of the contract. The court further finds that the boiler and smokestack were trade fixtures installed by the laundry company for its special benefit and could be removed

with but slight injury to the building, and that the interest of the laundry company in the boiler and smokestack was sold by the trustee in bankruptcy.

Complainant contends that the boiler and smokestack became a part of the real estate and therefore it was entitled to a lien and that the reservation of the title by complainant in its contract with the laundry company "manifested merely an effort to secure an additional or superior lien." In support of this it cites *Clark v. Moore*, 64 Ill. 273; *Phelps Lumber Co. v. McDonough Mfg. Co.*, 202 Fed. 445; *Hooven, Owens & Rentschler Co. v. Featherstone's Sons*, 111 Fed. 81; *Chicago & Alton R. Co. v. Union Rolling Mill Co.*, 109 U. S. 702, and other cases. We think none of these cases is in point.

In the *Clark* case (64 Ill. 273) the parties seeking to enforce their lien did not reserve the title in themselves but only attempted to reserve a lien upon it.

The *Phelps Lumber Co.* case (202 Fed. 445) was a suit to enforce a lien for certain saw mill machinery. The court there said (p. 447): "It is contended that the appellee waived the right to claim a mechanic's lien by inserting in the contract the condition that the machinery and property supplied should remain its property until fully paid for. To sustain their contention, counsel cite authorities to the proposition that by agreement between the parties personal property may be made to retain its character as such, notwithstanding that it be attached to the realty, and that such an agreement may be implied from a conditional sale; and decisions are cited which determine the respective rights of the contracting parties and third persons as to property so conditionally sold and attached to real estate. Those authorities are all aside from the question which is before us. The question here is whether the appellee's right to claim a mechanic's lien has been waived by the terms of the contract. The authorities are uniform in holding that such a condition in a con-

tract is but additional security to the vendor, and does not in any way affect his right to claim a mechanic's lien upon the machinery and property to which it may have become attached as part thereof." The court then cites the *Hooven* case, *supra,* and the *Union Rolling Mill Co.* case, *supra,* in support of its position. We are unable to understand why the authorities cited by counsel for defendant mentioned in the quotation were not in point, if they, as the quotation says, are to the effect that by agreement of the parties personal property may be made to retain its character notwithstanding it is attached to the realty. Moreover, the court said the question as to whether the property furnished became a part of the realty was not raised.

The *Hooven* case (111 Fed. 81) was a suit to enforce payment of the balance of the purchase price of an engine. The court said (p. 95): "Nor did the fact that in its contract for the sale of its engine the appellant secured from the contractor, Featherstone's Sons, the stipulation that 'the engine,' etc., 'shall remain our property as security for deferred payments until fully paid for in cash,' waive the lien upon the real estate of the respondent granted by the statute, . . . This stipulation is not inconsistent with the grant of the statute. The former retained a lien upon the engine as security for the purchase price; the latter created a lien not only upon the engine but upon the real estate of the respondent upon which it was placed. The former was a lien by contract, the latter by statute; and neither is destructive of the other. The retention by contract of title to materials furnished as security for the purchase price by the claimant of a mechanic's lien is not inconsistent with, and will not estop the vendor from enforcing, his statutory lien." We think the contract in that case is not the same as the contract before us, which contains a provision not only that the title shall remain in the seller but that he may remove

it in case it is not paid for in full. There is no reason in law why this provision in the contract is not valid and binding. The language in the contract in the instant case is clear, specific and unambiguous, and we are unable to understand why it should not be given full force and effect. The court specifically found that the boiler might be removed with little or no damage to the property, but apparently complainant does not want the property back. It wanted to ignore the provisions of its contract and to endeavor to enforce payment against the landlord. In face of the specific language used in the contract complainant ought not now be permitted to stultify itself by saying that the language there deliberately used does not mean what it says. Obviously, if the landlord was objecting to complainant's removal of the boiler, a different question would be presented.

In the *Union Rolling Mill Co.* case (109 U. S. 703) it was held that under the statute of Illinois one who had delivered rails to a railroad might have a valid lien on them and that such a lien was not affected by special agreement that the contractor should have a lien on the rails until payment, and that the possession of the railroad company should be the possession of the contractor. In that case the title was not reserved by the seller, but he merely sought to retain a lien on the rails.

That we are right in our holding that complainant is not entitled to a lien, we cite *Ley Fuel Co. v. Weisman,* 265 Ill. App. 185; *Holt v. Henley,* 232 U. S. 637; *In re C. A. Gambrill Mfg. Co.,* 283 Fed. 349.

In the *Ley Fuel Co.* case (265 Ill. App. 185) it was held that a lien could not be enforced against real estate where an automatic coal burner was installed in a building under a conditional sales contract by which the seller retained title until the burner was fully paid for. In that case the fuel company installed a coal burner in an apartment building belonging to Weisman

under a contract providing that the title to the burner should remain in the seller until the purchase price was fully paid; that if there was a default in payment, the seller might immediately remove and repossess the boiler. Default in payment was made and the seller sought to enforce a mechanic's lien. A decree was entered dismissing the bill, and on appeal the decree was affirmed. Mr. Presiding Justice Jett, after referring to our Mechanic's Lien Statute, said (p. 187): "The rights of the parties were fixed and determined at the time of the execution of the contract.

"We are of the opinion the court correctly held that appellant is not entitled to a mechanic's lien because the rule is well settled that a mechanic's lien must attach, if at all, as of the date of the making of the contract. In this case it is apparent that there was no intention to have a lien attach when the contract was entered into by the parties, but to the contrary it was agreed that the relation of buyer and seller should not exist and that the seller was to retain title and ownership of the burner with the right of removal because of a breach, . . .

"The appellant cannot, after the failure of the purchaser to comply with the contract, change the terms and intention of the parties thereto merely by electing to abandon the title to the burner and seek a lien for the recovery of the purchase price." We think that case is in point here. In that case the contract was between the complainant and the defendant and it was held that a mechanic's lien would not be enforced contrary to the express terms of the contract. *A fortiori,* should the complainant here be defeated because the contract is between it and the laundry company, the tenant, and not with the defendant, the landlord.

In the *Holt* case (232 U. S. 637) the proceeding involved the relative rights of the trustee in bankruptcy, the mortgagee, and the original owner of a sprinkler

plant placed on the property of the bankrupt subsequent to the making of the mortgage under a conditional sale contract. A petition was filed in the District Court in the bankrupt proceedings for leave to remove the sprinkler system. This was opposed by the mortgagee, the trustee in the trust deed, and the trustees in bankruptcy. The District Court and the Court of Appeals decided in favor of the defendants and held that the sprinkler system could not be removed. 190 Fed. 871; 193 Fed. 1020. On appeal to the Supreme Court of the United States the judgments of the District Court and Circuit Court of Appeals were reversed and the petitioner was given leave to remove the sprinkler system. The Supreme Court there said (p. 638): ''By the agreement the system was to remain Holt's property until paid for, and Holt was to have a right to enter and remove it upon a failure to pay as agreed. It also was to be personal property during the same time. A large part of the price has not been paid.'' The court then refers to the Code of Virginia and the Bankruptcy Act, which we think unnecessary to refer to here, and continuing said (p. 640): ''The retention of title by him (Holt) and his refraining from recording it both were perfectly lawful.'' The court then passes on the claim of the mortgagees and said: ''The system was attached to the freehold, but it could be removed without any serious harm for which complaint could be made against Holt, other than the loss of the system itself. Removal would not affect the integrity of the structure on which the mortgagees advanced. To hold that the mere fact of annexing the system to the freehold overrode the agreement that it should remain personalty and still belong to Holt would be to give a mystic importance to attachment by bolts and screws.''

In *In re C. A. Gambrill Mfg. Co.* (283 Fed. 349), there was a claim for a mechanic's lien. The court

said (p. 350): ''The claimant admits that this attempted reservation of title is ineffective for failure to record.'' But in announcing the rule of law covering such reservation of title the court further said: ''It is true that as between claimant and bankrupt, and before the recording requirements of the state law, between the claimant and the rest of the world, an agreement that, until paid for, the property furnished should not become a part of the realty, would have been enforceable. *Holt v. Henley,* 232 U. S. 637.''

To the same effect is *Rothery v. Dohrse,* 122 Neb. 259, 240 N. W. 296, where it was held that a tenant had a right to remove a boiler which he had installed, the evidence showing that it was the clearly expressed intention of the tenant at the time he installed the boiler that it would remain a trade fixture.

For the reasons stated, the decree of the circuit court of Cook county is affirmed.

*Affirmed.*

McSurely, P. J., and Matchett, J., concur.