**Michael Horan and Mid-City Trust and Savings Bank v. Frieda Goldman et al. Harold A. Rosenstein et al., Appellants.**

**Gen. No. 38,981.**

Opinion filed January 4, 1937.

HAROLD A. ROSENSTEIN, *pro se.*

GUSTAV E. BEERLY, of Chicago, for appellees; JOHN F. DIFFENDERFFER, JR., and HAROLD L. EISENSTEIN, both of Chicago, of counsel.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

By this appeal Harold A. Rosenstein, Sarah Rosenstein and Eli Rosenstein seek to reverse an order entered by the circuit court of Cook county awarding a writ of assistance to Michael Horan so that he might obtain possession of an apartment in a building to which he had obtained a master's deed as the result of a foreclosure suit.

So far as is necessary to state the facts here, the record discloses that on November 13, 1933, Michael Horan, who will hereinafter be referred to as plaintiff, filed his bill to foreclose a trust deed securing an

indebtedness of which there was a balance of $5,000 due. The notes and trust deed were executed by Frieda Goldman and Samuel Goldman, her husband. The property was afterward conveyed by the mortgagors to Sarah and Eli Rosenstein and later to their son, the defendant Harold A. Rosenstein. Sarah and Eli Rosenstein, the parents, defendant Harold, their son, and his wife occupied an apartment in the premises at the time the foreclosure suit was brought. The son and his wife were made parties but his parents were not made parties. Harold A. Rosenstein and his wife filed their joint and several answer in which they ''neither admit nor deny the allegations contained in the bill of complaint . . . but demand strict proof.'' Afterward the case was referred to a master in chancery who took the proofs, made up his report and recommended a decree in accordance with the prayer of the bill. Harold A. Rosenstein and his wife filed objections to the master's report, some of which were sustained, some withdrawn and some overruled, and a decree of foreclosure was entered November 20, 1934. It is in the usual form and it was decreed that in case the premises were sold and not redeemed a deed issue to the purchaser and he be let into possession, and in case anyone refused to surrender possession that a writ of assistance might issue. There was no objection or exception to this decree.

The property was sold to plaintiff, Michael Horan, and a deficiency decree was entered. Afterward a receiver was appointed and upon his petition an order was entered January 19, 1935, that Sarah Rosenstein pay $10 a month to the receiver for her occupancy of one of the apartments in the building, and that in the event the rent was not paid, a writ of assistance issue. Defendant Harold Rosenstein objected to the order on the ground that his mother, Sarah Rosenstein, who he alleged was the owner of the equity at the time

of the foreclosure suit, was not a party to the suit. Afterward $10 a month was paid in accordance with the order and defendant Harold Rosenstein claims that he paid the rent under protest.

After the expiration of the period of redemption the master issued his deed to plaintiff Michael Horan, and he petitioned the court that a writ of assistance be issued against defendant Harold Rosenstein and his parents Sarah and Eli Rosenstein. An order was accordingly entered on April 16, 1936, and, as stated, it is from this order that the Rosensteins appeal.

In the foreclosure suit Harold Rosenstein was called by plaintiff and testified that he and his wife lived in an apartment in the premises. Afterward, when he was putting in his defense, he gave testimony to the effect that shortly before the bill was filed he was informed that the title to the property was in him; that his parents, Sarah and Eli Rosenstein, held title to the property as joint tenants; that the property was transferred so that the title was in his mother, and afterward the evidence shows the mother and father conveyed the property by quitclaim deed on January 7, 1932, to their son, defendant Harold Rosenstein. He further gave testimony to the effect that he did not own the property but that it belonged to his parents. This testimony, on motion of plaintiff, was stricken by the master on the ground that such defense was not set up in defendant Harold Rosenstein's answer. The ruling in this respect was sustained by the chancellor and it is contended that this ruling was erroneous and prejudicial. We think there is no merit in this contention. In *Linder v. Barnett*, 318 Ill. 259, the court said (p. 265): "It is a rule of chancery pleading that a defendant by his answer is bound to apprise a complainant of the nature of the defense he intends to set up, and he cannot avail him-

self of any matter in defense not stated in the answer even though it should appear in the evidence.'' Moreover, no objection or exception was taken by defendant to the decree of foreclosure, and he cannot now be heard to complain. Nor are his parents in any better position because the title was conveyed by them to their son Harold. In these circumstances neither of them will be heard to say that their son did not own the premises. The foreclosure decree, to which no objection or exception was made, provided that a writ of assistance might issue against anyone to put in possession of the property the person who obtained title through the foreclosure suit. The title to the premises at the time of foreclosure being in defendant Harold Rosenstein, it was not necessary, under the circumstances, to make his parents parties defendant. *Thulin v. Anderson,* 154 Ill. App. 41.

The order of the circuit court of Cook county appealed from is affirmed.

*Order affirmed.*

MATCHETT, P. J., and McSURELY, J., concur.