W. B. Stevens, Trading as Stevens Furnace Company, Plaintiff-Appellee, v. Michael David, Defendant-Appellant.

Gen. No. 10,493.

Opinion filed August 28, 1951. Released for publication September 17, 1951.

JOHN CHIVARI, of Aurora, for appellant.

SEARS & SOLFISBURG, of Aurora, for appellee.

MR. PRESIDING JUSTICE WOLFE delivered the opinion of the court.

W. B. Stevens doing business as Stevens Furnace Company, filed a suit in the circuit court of Kane county against Michael David to foreclose a mechanic's lien arising out of the sale and installation of an automatic oil burner for the heating plant in the hotel owned by the defendant, David. The defendant filed an answer and counterclaim and the case was then referred to the master in chancery for a hearing. The master found that the equities of the case were in favor of the plaintiff and recommended that a decree be entered in favor of the plaintiff for a mechanic's lien. The decree was entered and the defendant, David, has appealed to this court claiming that the trial court erred in overruling his exceptions to the master's report.

The plaintiff's claim for lien alleges that he is in the furnace and sheet metal business in the City of Aurora, Illinois; that he entered into a contract with Michael David for the installation of a D4 Rayfield Oil Burner in the defendant's furnace located on his premises; that the purchase price of said boiler was to be $795 plus the cost of removing the old stoker; that the burner was furnished on a conditional sales contract whereby Stevens was to have title to the burner until it was fully paid for; that there has been paid $200 on the purchase price, leaving a balance of $595 due the plaintiff.

It is alleged in the complaint that the burner was installed in a workman-like manner; that within sixty

252

days from the time said work was completed, he filed with the clerk of the circuit court of Kane county, Illinois, an affidavit for a mechanic's lien. The defendant filed an answer in which he admits making the contract, but denies that he is bound by the contents of the same because he cannot read the English language, except laborously and with great difficulty; that he was not afforded an opportunity to read the contract and examine its contents before he signed it; that he was informed by the salesman who prepared the same that it was not an order, "but a matter of form." He denies that the plaintiff furnished and installed a burner as required by the contract and denied the other material allegations of the contract.

The defendant filed a counterclaim against Stevens, alleging that he had been damaged because the burner in question was not satisfactory and did not heat the premises as required by the contract; that he, the defendant, did not designate the kind of burner to be installed, but it was purely on the recommendation of the plaintiff, and that he has been damaged in the extent of $10,000. After the master had filed his report, the defendant, Michael David, filed an exception to it as follows: "That the master erred in finding in favor of the plaintiff in his claim for a Mechanic's Lien against the property of the defendant. That the testimony herein establishes beyond question that the basis for the lien is on the sale of an oil burner by a conditional sales agreement. That as a matter of law, vendors under a conditional sales agreement, are not entitled to have a Mechanic's Lien for improvements upon real estate arising therefrom." As before stated the master found all of the issues of fact in favor of the plaintiff, and so reported to the court and by this exception the only question raised is a legal one, as the facts as reported by the master must be accepted as true.

██ It is the contention of the appellant that he can now raise this question, although it was not raised by the pleadings in the suit. It is his contention that the complaint did not state a cause of action, because it shows on its face that the claim was based upon a conditional sales contract. We cannot agree with this contention, but think that the complaint did state a cause of action, and the defendant, by filing his answer and counterclaim, is now concluded from raising the question that the claim for lien is based on a conditional sales contract.

The case of *Illinois Interior Finish Co. v. Poenie,* 277 Ill. App. 554, involved a mechanic's lien and one of the defendants, Tillie H. Novak, attempted to raise the defense that the contractor claiming the lien had been told that she had a contract that the building in question would be delivered to her free and clear of the mechanic's lien, and that the contractor agreed to waive his right to a lien. This defense was not raised by the answer, and the court in passing upon the matter uses this language: "It matters not that evidence was admitted by the master to the effect that plaintiff agreed to waive its right to the lien. The defendant in chancery is bound to apprise the plaintiff by his answer of the defense he intends to set up and he cannot avail himself of any matter of defense which is not stated in his answer, even though it should appear in evidence. (*Crone v. Crone,* 180 Ill. 599; *Johnson v. Johnson,* 114 Ill. 611.)

"Under general allegations specific facts may be proven, provided the general charge is sufficient to apprise the adverse party of the nature of the evidence to be introduced. (21 C. J. 553, section 677.) There were no allegations in her answer that could have been interpreted as apprising plaintiff that Tillie H. Novak was going to offer the defense that plaintiff agreed to waive its right to a mechanic's lien.

"The very object of pleadings requires that the parties be confined to the matters contained therein, and therefore no evidence will be considered except that relating to matters alleged in the bill or answer. (C. J. 552, section 676.)"

In the case of *Crone v. Crone,* 180 Ill. 599 it is there stated: "That a defendant in chancery is bound to apprise the complainant of the nature of his defense, and cannot avail himself of matters of defense appearing from the evidence, but not set up in the answer."

In the case of *Linder v. Barnett,* 318 Ill. 259, the suit was filed for specific performance. An answer was filed and the decree was entered in favor of the plaintiff. An appeal was perfected to the Supreme Court. The defense was, that there had been a rescission of the verbal contract to convey the land in question. In the opinion we find the following: "We agree with the master and the chancellor that the parties entered into a valid contract for sale and conveyance of the land. Rescission of the contract was not set up and relied upon as a defense by the answer. It is a rule of chancery pleading that a defendant by his answer is bound to apprise a complainant of the nature of the defense he intends to set up, and he cannot avail himself of any matter in defense not stated in the answer even though it should appear in the evidence."

The case of *Horan v. Goldman,* 288 Ill. App. 114, involves a mortgage foreclosure. The defendants offered to prove that the property in question was not his, but belonged to his parents. He did not raise this question by answer, and the evidence was given and on motion of the plaintiffs' attorney, the master struck it from the record, on the ground that such defense was not set forth in the defendants' answer. The appellants contended that this was error. The court in passing upon this contention uses this language: "We think there is

no merit in this contention." They then quote from *Linder v. Barnett, supra.*

It is our conclusion in this case that the defendant having failed to raise by his answer the question of the lien being based on a conditional sales contract of the burner is barred from raising it in this appeal, and the judgment of the circuit court is hereby affirmed.

*Judgment affirmed.*

DovE, J., dissents:

Under the authority of *Ley Fuel Co. v. Weisman,* 265 Ill. App. 185 and *Nu-Way Boiler & Engineering Co. v. Morensky,* 268 Ill. App. 211, dissents from the majority opinion and thinks the case should be reversed.